Reverend George Leech et al. *v.* John Cater et al. Reverend George Leech, Mary Daly, and Venetta Angelillo, Appellants.

Argued May 4, 1978, before Judges MENCER, ROGERS and DiSALLE, sitting as a panel of three.

30

*Dominick Motto*, with him *Richard J. Audino*, and *Rea and Audino*, for appellants.

*Donald J. Nicolls*, with him *Chambers, O'Neill, Nicolls, Balph & Paul*, for appellees.

OPINION BY JUDGE MENCER, July 26, 1978:

This appeal[1] involves the meaning of the word "applicant" as used in Section 908(9) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9), which provides, *inter alia*, as follows:

> The [zoning hearing] board shall conduct hearings and make decisions in accordance with the following requirements:
>
> . . . .
>
> (9) The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. . . . Where the board fails to render the decision within the period required

---

[1] The appellees have filed a motion to quash which we have considered and believe to be without merit. We will therefore dispose of this appeal on its merits.

by this subsection, or fails to hold the required hearing within forty-five days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the municipality shall give public notice of said decision within ten days in the same manner as provided in subsection (1) of this section.

Section 107 of the Code, 53 P.S. §10107, defines the word "applicant":

As used in this act, except where the context clearly indicates otherwise, the following words or phrases have the meaning indicated below:

(1) 'Applicant,' a landowner or developer, as hereinafter defined, *who has filed an application for development* including his heirs, successors and assigns. (Emphasis added.)

The plaintiffs in this action in mandamus are residents of Neshannock Township who are objecting to the zoning officer's issuance of a building permit to one Mike A. Isabella. They have never filed an application for development and cannot be considered "applicants" as that term is defined in Section 107. Therefore, the fact that the Zoning Hearing Board of Neshannock Township has failed to act on their appeal from the issuance of the permit cannot be deemed a "decision" in their favor under Section 908 (9). Thus, the supervisors of the township had no duty to give public notice of any such decision, and the complaint in mandamus which sought to compel

the giving of such notice was properly dismissed by the Court of Common Pleas of Lawrence County.

The plaintiffs contend that the context within which the word "applicant" is used clearly requires an interpretation which would include them. We fail to see anything in Section 908(9) or any other section of the Code which even suggests such a result. Delays inevitably result in increased construction costs for the landowner-developer. Since all development is stayed while an appeal to the board is pending, Section 916 of the Code, 53 P.S. §10916, those objecting to the development suffer no comparable prejudice and may even benefit by delays which could render the proposed development economically infeasible. Section 908(9) was clearly designed to provide protection against procrastination by the Board for the landowner-developer, the party most in need of such protection.

The plaintiffs further argue that our interpretation of the Code restricts the class of persons entitled to take appeals to the zoning hearing board to landowners or developers. We frankly do not comprehend the reasoning behind this argument. Section 914 of the Code, 53 P.S. §10914, grants the right to appeal to "the landowner affected . . . or any person aggrieved." Our decision in no way affects this right. We simply hold that under Section 908(9) the zoning hearing board's inaction cannot be deemed to be a decision in favor of anyone except the "applicant" as that term is defined in Section 107.

Order affirmed.

### Order

And Now, this 26th day of July, 1978, the order of the Court of Common Pleas of Lawrence County, dated April 7, 1977, dismissing plaintiffs' action in mandamus, is hereby affirmed.