532

Bucks County Housing Development Corporation
*v.* Zoning Hearing Board of the Township of
Plumstead et al. Township of Plumstead, Appellant.

Bucks County Housing Development Corporation
*v.* Zoning Hearing Board of the Township of
Plumstead et al. Frank J. Earnheart et al., Appellants.

Argued April 5, 1979, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*George M. Bush,* with him *Albert L. Blackman, Jr.,* for Township of Plumstead.

*Frank J. Earnheart,* for Frank J. Earnheart, Robert C. J. McKinstry, Frederick J. Rarig, Reva Mae Rarig and Plumstead Civic Association.

*Thomas J. Profy, III,* with him *Begley, Carlin, Mandio & Popkin,* for Bucks County Housing Development Corporation.

OPINION BY JUDGE CRAIG, September 7, 1979:

The planned residential development (PRD) application of the Bucks County Housing Development Corporation (applicant) has resulted in an earlier appeal to this court, in *Bucks County Housing Development Corp. v. Township of Plumstead,* 25 Pa. Commonwealth Ct. 354, 361 A.2d 447 (1976), where this court held that the PRD application was subject to a duly pending zoning ordinance amendment, which was later enacted.

534

Thereafter the applicant pursued, before the Zoning Hearing Board (board) of the Township of Plumstead (township), a validity appeal attacking the constitutionality of the zoning ordinance amendment.

After holding hearings on eight dates between July 29, 1975 and March 11, 1976, the board on April 13, 1976 adopted a motion that the board "continue these hearings, pending the resolution between the township and applicant and the other intervening parties of the question of payment of stenographic expenses and the expense of the solicitor to the board."

The applicant, refusing to pay the expense of the board's solicitor, declared through counsel that applicant would invoke the 45-day rule of Pennsylvania Municipalities Planning Code (MPC) Section 908(9)[1] if the board failed to proceed with hearings or a decision.

On July 13, 1976, 91 days later, applicant filed an action in mandamus to compel approval of its PRD application as a "deemed decision" under MPC §908 (9) because the board did not, in the interim, hold any more hearings or issue any decision. From the granting of the requested mandamus order by the Court of Common Pleas of Bucks County, the township and objectors, who were parties to the zoning appeal and named as defendants in the mandamus action,[2] have brought this appeal.

We affirm the decision of the court below, noting each of the issues raised.

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(9).

[2] Objectors filed below a motion to dismiss for misjoinder of parties, in that objectors are not public officials subject to mandamus. The lower court's failure to rule on the motion appears to have been harmless; indeed, in other mandamus cases, objectors have intervened to present a position on the main issues, as objectors have done here. Foltz v. Monroeville, supra. Should there be an attempt to impose costs upon objectors. the question remains open.

An initial issue is whether mandamus is a proper remedy. Objectors misstate that issue by asking if mandamus is the proper remedy to pursue in attacking the constitutionality of a zoning ordinance. Correctly stated, the question is whether mandamus may be employed to implement the approval of a zoning application under the 45-day rule, which is the way that the applicant and township have expressed the question.

Applicant's mandamus complaint clearly sought, as relief, an order commanding approval of the PRD application under MPC §908(9); it did not pursue any attack upon ordinance constitutionality.[3] This court has specifically approved mandamus as an available and constitutional remedy for the effectuation of relief under the 45-day rule. *Foltz v. Monroeville*, 5 Pa. Commonwealth Ct. 304, 290 A.2d 269 (1972).

Next is the issue of whether or not violation of the 45-day rule in MPC §908(9) by a zoning hearing board will entitle an applicant to a "deemed decision" where the underlying zoning appeal involves an attack upon ordinance constitutionality. This court has not encountered this precise question previously.

The unambiguous words of MPC §908(9) apply the 45-day rule to any decision-making duty of a zoning hearing board by stating that "the decision shall be deemed to have been rendered in favor of the applicant" where the board fails to "render the decision within the period required by this subsection. . . ."

It is clear that the board has a statutory duty to make a decision as to "all contested questions" in a validity proceeding.

---

[3] It is clear that mandamus is not the proper remedy to obtain an adjudication of the invalidity of an ordinance or municipal action. *Unger v. Hampton Township*, 437 Pa. 399, 263 A.2d 385 (1970).

MPC §910, 53 P.S. 10910, provides that a board, in a validity proceeding, "shall take evidence and make a record thereon as provided in section 908," and "At the conclusion of the hearing, the board shall decide all contested questions and shall make findings on all relevant issues of fact. . . ."

We also note that this court has previously indicated the view that a board has a duty to make a decision in a validity proceeding, in *Nicholas, Heim & Kissinger v. Township of Harris,* 31 Pa. Commonwealth Ct. 357, 361, 375 A.2d 1383, 1385 (1977). We will consider below the provision of Section 910 that the board's duty to decide comes at the "conclusion of the hearing," a point on which the township here places some stress, but we agree with the lower court that validity proceedings are not outside the sanction of the 45-day rule of Section 908(9).

The fact that we withheld imposition of the 45-day rule sanction in *Appeal of Emmanuel Baptist Church,* 26 Pa. Commonwealth Ct. 427, 437, 364 A.2d 536, 541-2 (1976) does not provide a basis for concluding that the sanction should not be applied to a failure to render a decision in a validity case; in the *Emmanuel Baptist Church* case a decision-making action was taken, albeit one not valid under the so-called Sunshine Law,[4] this court not being willing to consider that an action so taken "is no action at all." *Enck v. Anderson,* 25 Pa. Commonwealth Ct. 318, 322, 360 A.2d 802, 804 (1976). Where a board does make a decision, even in violation of other procedural requirements, there is absent the vice of procrastination, against which the 45-day rule is directed. *Humble Oil and Refining Co. v. East Lansdowne Borough,* 424 Pa. 309, 313-14, 227 A.2d 664, 666 (1967) ; *Emmanuel Baptist Church, supra,* 26 Pa. Commonwealth Ct. at 437, 364 A.2d at 541.

---

4 Act of July 19, 1974, P.L. 486, 65 P.S. §261 et seq.

We therefore come to the question of whether the hearings here were discontinued (concluded) or were merely continued (suspended) as the township and the objectors claim and the board's motion purported? The issue must turn upon whether the board acted wrongfully in ending the hearings, never to resume them, because of applicant's refusal to pay the fees of the board's solicitor. We have not been shown, and cannot find, any authority upon which such a demand may lawfully be based; although MPC §908(1), 53 P.S. §10908(1) authorizes the "governing body" to "establish reasonable fees based on cost to be paid by the applicant," the established fee schedule here provided only for a fee of $125, plus $100 deposit, for a PRD application, as to which there is no dispute. A fresh demand that applicant pay the expense of the board's solicitor, made in midstream, is not legally supported.

Consequently, the suspension of hearings, to be resumed only upon compliance with an invalid condition, was tantamount to a cessation of hearings. To require an applicant, in such a case, to make a side trip to court for a mandamus order compelling the resumption of hearings would be to condone the delay, procrastination and frustration of decision which Section 908(9) is intended to prevent. *Humble Oil, supra.* Hence the board's own action caused the April 13 hearing to be the "last hearing," which triggers the 45-day period.

The township, as noted above, relies upon the provision of MPC §910, 53 P.S. 10910, that "the board shall decide all contested questions" in a validity proceeding at "the conclusion of the hearing. . . ." The township's contention is that the board's duty to decide—and the start of the 45 days—never arose because there was never a "conclusion" of the hearings. Our view is that the board's unauthorized cessation of

the hearings did conclude them, in a determinable manner, although with the evidence incomplete.

We cannot agree with objectors that applicant was guilty of unclean hands or abuse of judicial process, in trying to bring itself within the purview of the 45-day rule. The obdurate action of the board brought the situation within the purview of that rule.

A further question is raised by objectors' reliance on the provision of MPC §908(9) that, when a "deemed decision" arises, "the municipality shall give public notice of said decision within ten days. . . ." Here the township, apparently reluctant to utter the admission inherent in compliance with that requirement, issued no such notice. Of course, we cannot interpret Section 908(9) to mean that a township could defeat the sanction of the 45-day rule by failure to comply with the admittedly difficult requirement that it give notice that its board has incurred the sanction.

Two remaining questions have been expressed by objectors, but are not properly presented here. Objectors' call for the disqualification of the lower court judge warrants no consideration here, not having been raised below, where it could have been raised in the proceedings, regardless of the absence of an evidentiary hearing.

Objectors also seek to rely upon the concluding sentence of Section 908(9), added by amendment, which provides:

> Nothing in this subsection shall prejudice the right of any party opposing the application to urge that such decision is erroneous.

We do not find that any such question was raised below in the rather extensive pleadings, nor does the law permit a case on the merits to be adjudicated within the framework of this mandamus action.[5]

---

[5] *Unger v. Hampton Township, supra*, at 403, n. 3, 263 A.2d at 390.

An order of affirmance will be entered.

ORDER

AND Now, this 7th day of September, 1979, the order of the Common Pleas Court of Bucks County at No. 76-6530-09-5, dated August 4, 1978, is affirmed.