Phillip G. West and Betty A. West, his wife v. Colebrookdale Township Zoning Hearing Board and Daniel E. Unger and Thelma Unger, his wife. Colebrookdale Township Zoning Hearing Board and Daniel E. Unger and Thelma Unger, his wife, Appellants.

Argued May 3, 1984, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*John T. Forry,* with him, *William R. Forry* and *Arthur E. Grim,* for appellants.

*Mervin A. Heller, Jr.,* for appellees.

Opinion by Judge Craig, June 20, 1984:

In this zoning case, the Ungers, as objectors to a requested zoning approval, have appealed from an order of the Court of Common Pleas of Berks County which dismissed a statutory zoning appeal, originally filed by the Wests as the zoning approval applicants, in which the objectors had intervened in order to oppose a decision of the Colebrookdale Township Zoning Hearing Board deemed by law to be in favor of the applicants under section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), applicable when a board decision has been entered later than forty-five days after the last date of hearing.

Judge Saylor, for the trial court, noting that the objectors filed no appeal of their own against the deemed decision, concluded that the applicants' statu-

tory appeal, directed only against the board's tardy written decision purporting to be adverse to them, could not be used by the objectors, in that the proceeding was a nullity because the applicants, necessarily not aggrieved by the deemed decision in their favor as a matter of law, lacked standing to initiate it. *Foltz v. Borden,* 22 Pa. Commonwealth Ct. 562, 349 A. 2d 918 (1976) (*Foltz III*).

The Wests, as applicants here, had sought zoning approval for a service center, related to alcoholic rehabilitation, in an R-3 Residential District as an "education use."

In view of the pertinence of *Foltz III,* the similarity of the factual history of that case to the present one is notable.

Both *Foltz III* and this case began with applicant landowners filing zoning hearing board appeals from the respective zoning hearing officer's denials of their permit applications.

In both cases, the zoning hearing board held timely hearings on the requests, with the objectors participating in the hearings as parties, to oppose the requests.

In both cases, the zoning hearing boards ultimately issued written decisions denying the permit requests. In *Foltz III,* that issuance came forty-six days after the hearing and, in this case, the board first announced its denial sixty-four days after the hearing date and issued it in writing seventy-six days following the hearing. Thus, with respect to both cases at their appellate stage in this court, the undisputed legal effect of the MPC provision has been that the zoning board decisions were deemed to be in favor of the applicants.

In both cases, the permit applicants filed statutory appeals from the purported adverse written decisions of the boards, apparently on a precautionary basis. In *Foltz III,* the applicants simultaneously pursued their

mandamus remedy, affirmatively to obtain a permit pursuant to the deemed zoning approval; in the present case, the record discloses no mandamus action in progress.

Here, Judge SAYLOR followed *Foltz III,* in which we affirmed the trial court's dismissal of the statutory zoning appeal which the objectors had sought to adopt as their own vehicle, basing that dismissal on the irrefutable ground that landowner applicant, having prevailed by virtue of the MPC, could not be "aggrieved." Likewise, in *Foltz III,* this court concluded that the objectors, without an appeal of their own, could not use the landowner's precautionary appeal to "bootstrap themselves into a position whereby they may relitigate the issue. . . ." 22 Pa. Commonwealth Ct. at 566, 349 A.2d at 920.

The only two differences between the history of this case and that of *Foltz III*—(1) the existence of a separate mandamus proceeding in *Foltz III* and the absence of one here, and (2) an earlier untimely statutory appeal by the objectors themselves in *Foltz,* as compared to no separate statutory appeal by the objectors here—are immaterial. Pursuance or nonpursuance of a mandamus remedy can be of concern only to the applicant, and the objectors here, not having instituted any appeal of their own, cannot be in any position better than the *Foltz III* objectors, who instituted an ineffectual one.

The crucial identity between the two cases is the point that the applicants' precautionary statutory zoning appeals, being nullities in view of the applicants' success, leave nothing to be appropriated by the objectors.

However, the objectors here also press a possible legal difference between the two cases, arising from an amendment of section 908(9) of the MPC made by

the Act of December 10, 1974, P.L. 822, §1, after the *Foltz III* history, which added a new provision reading:

When a decision has been rendered in favor of the applicant because of the failure of the Board to meet or render a decision as hereinabove provided, the municipality shall give public notice of said decision within ten (10) days in the same manner as provided in subsection (1) of this section.

Because the township board here, perhaps not surprisingly, never issued such a notice (which would have acknowledged that its tardiness produced a deemed decision), the objectors urge that no time limit for appealing from that deemed decision runs against them, leaving them free to attack its merits by appeal.

However, the objectors' contention misses the mark within the scope of the present record. Aside from any question of timeliness, these objectors, by intervening in a moot proceeding, have climbed aboard a nonexistent vehicle, as Judge SAYLOR correctly recognized.

Moreover, we have already held, in *Bucks County Housing Development Corp. v. Zoning Hearing Board of Township of Plumstead*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979), that objectors cannot take advantage of the municipality's default as to notice. That point is particularly valid when the objectors have participated in the zoning board hearing as parties and are therefore bound to know when the expiration of the forty-five days has triggered a deemed decision, *see Foltz v. Zoning Hearing Board of Borough of Monroeville*, 13 Pa. Commonwealth Ct. 309, 318 A. 2d 410 (1974) *(Foltz II)*. As we stated in *Bucks County Housing Development Corp.* with respect to the amended section, "we cannot interpret Section 908(9)

to mean that a township could defeat the sanction of the 45-day rule by failure to comply with the admittedly difficult requirement that it give notice that its board has incurred the sanction." 45 Pa. Commonwealth Ct. at 538, 406 A.2d at 836.

In conclusion then, this case is governed by *Foltz III* because here, as there, the objectors are "attempting to breathe life into a moot appeal by usurping [the applicant's] standing as appellant, with no independent standing upon which to rest their claim to the position of appellant." 22 Pa. Commonwealth Ct. at 565, 349 A.2d at 920.

We therefore affirm the sound decision of Judge SAYLOR.

## ORDER

Now, June 20, 1984, the order of the Court of Common Pleas of Berks County, dated May 3, 1983, is affirmed.