Michael Lefchak et al., Appellants *v.* Alfred Centrella et al., Appellees.

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Arthur L. Piccone*, with him, *Paula F. Garrety*, for appellants.

*Joseph Matthias Cosgrove*, with him, *Alfred Centrella, LeRoy Sabbatini* and *Constantino Sabastianelli*, for appellees.

OPINION BY JUDGE ROGERS, May 15, 1985:

Michael Lefchak and James A. Lavan (appellants) have appealed from an order of the Court of Common Pleas of Luzerne County refusing the prayer of their petition for a peremptory judgment in mandamus.[1]

---

[1] The procedures followed in this case are remarkable. The plaintiffs were granted a rule to show cause why peremptory judgment in mandamus should not be entered in their favor. The trial judge filed a decision holding, as we do, that the plaintiffs, not being applicants, were not entitled to an order requiring approval of their protest. The order entered by the court was that the

In September, 1981, Joseph Stella and Claire, his wife, applied for and received from the zoning officer of Pittston Township permission to construct a single family dwelling on an irregularly shaped lot without conforming to all of the yard requirements of the township's zoning ordinance. The appellants, owners of adjoining lots, appealed the grant of the permit and, following a hearing, the Zoning Hearing Board of Pittston Township (board) upheld the zoning officer's actions. The appellants appealed to the court of common pleas which, on September 21, 1981, remanded the matter to the board for further proceedings. The board conducted a hearing on November 4, 1982, and issued a decision on March 7, 1983, again upholding the building permit. Thereupon, the appellants filed a complaint in mandamus in the common pleas court alleging that because the board had failed to render a written decision within forty-five days after the November 4, 1982 hearing as required by Section 908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9), the decision should be in their favor. The appellants filed a petition for peremptory judgment which the court refused. They then filed a praecipe for judgment on the court's order and the prothonotary entered judgment against them and in favor of

---

plaintiffs' action should be dismissed. The plaintiffs then filed a praecipe with the prothonotary that judgment be entered on the court's decision and the prothonotary entered judgment in favor of the defendants and against the plaintiffs. Ordinarily, of course, the trial judge refusing a plaintiff's application for peremptory judgment would set the matter down for trial on the merits and this order would be interlocutory and not appealable. The defendants have not raised this objection. In consideration of the plaintiffs' participation in the entry of the final judgment entered against them and the defendants' failure to question the procedures leading to the appeal, we have, in the interest of judicial economy, decided the appeal on the merits.

Mr. and Mrs. Stella, from which the appeal has been taken.

Section 908(9) of the MPC provides, in pertinent part, as follows:

> The [zoning hearing] board shall conduct hearings and make decisions in accordance with the following requirements:
>
> . . . .
>
> (9) The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or the hearing officer. . . . Where the board fails to render the decision within the period required by this subsection, . . . the decision shall be deemed to have been rendered in favor of the *applicant* unless the applicant has agreed in writing to an extension of time. (Emphasis supplied.)

Section 107 of the MPC, 53 P.S. §10107 defines an applicant as:

> [A] landowner, or developer, as hereinafter defined who has filed an application for development including his heirs, successors and assigns.

The appellants in this case were clearly not landowners or developers who have filed an application for development; on the contrary, they are the opponents of a development. In identical circumstances, we so held in *Leech v. Cater*, 37 Pa. Commonwealth Ct. 29, 388 A.2d 1137 (1978).

Order affirmed.

ORDER

AND Now, this 15th day of May, 1985, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.