508 A.2d 1295

Arie J. Van Wingerden v. Arthur Kallatch, Zoning Officer of Plumstead Township, Richard and Grace L. Myers, Appellants.

Arie J. Van Wingerden, Appellant v. Arthur Kallatch, Zoning Officer of Plumstead Township, Appellee.

Argued April 8, 1986, before Judges CRAIG, DOYLE, and COLINS, sitting as a panel of three.

*Emory W. Buck, Grim and Grim,* for appellant/appellee, Arie J. Van Wingerden.

*John A. Van Luvanee,* for appellants, Richard and Grace L. Myers.

*James M. Neill,* with him, *John S. Skoutellas,* for appellee Arthur Kallatch, Zoning Officer of Plumstead Township.

OPINION BY JUDGE CRAIG, May 6, 1986:

When a development applicant has received the statutory benefit of a deemed approval because of a zoning hearing board's delay in issuing its decision pursuant to an appeal initiated before it by objectors, when does the time limitation for the objectors' appeal from that deemed decision begin to run?

In these cross-appeals from a mandamus decision by the Court of Common Pleas of Bucks County, the undisputed factual history is embodied in a stipulation, as well as in the pleadings. Developer Van Wingerden applied for and received development permission from Plumstead Township to construct a five-acre addition to an existing greenhouse. Neighboring objectors, the Myers, then appealed to the township's zoning hearing board, which concluded its hearings on March 30, 1983. Although the board voted in favor of the objectors on April 18 of that year, it issued no written decision until August 18.

On May 18, 1983, the developer had filed this mandamus action to enforce a deemed approval in his favor. The record establishes that the objectors intervened as parties in the mandamus case, pursuant to court order of October 6, 1983.

Under the statutory provision which deems a board decision to be in favor of the "applicant" if not rendered within forty-five days after the last hearing — §908(9) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9) — the trial judge here ultimately ruled that mandamus was an appropriate remedy, in accordance with *Foltz v. Monroeville,* 5 Pa. Commonwealth Ct, 304, 290 A.2d 269 (1972) *(Foltz I),* and concluded that the deemed decision must be regarded as one approving the development permission, in accordance with this court's decision in *Leech v. Cater,* 37 Pa. Common-

wealth Ct. 29, 388 A.2d 1137 (1978), followed in *Lefchak v. Centrella,* 89 Pa. Commonwealth Ct. 301, 492 A.2d 128 (1985).

However, taking note of 42 Pa. C. S. §5571(c)(6), the trial judge's final order, dated April 3, 1985, allowed the objectors thirty days from that date to file a statutory appeal to the court from the deemed decision.

In the present cross-appeals, the objectors contest the determination awarding a deemed approval to the developer, and the developer seeks to overturn the objectors' leave to appeal, contending that their thirty-day appeal period began to run on the date of the deemed decision, forty-five days after the board's last hearing, in accordance with this court's decision in *Foltz v. Zoning Hearing Board of Monroeville,* 13 Pa. Commonwealth Ct. 309, 318 A.2d 410 (1974) *(Foltz II).*

Despite the objectors' earnest arguments, we decline to overrule *Leech,* in which our clear holding was that the developer remains the beneficiary of a deemed approval resulting from zoning hearing board procrastination, even when the objectors were the ones who initiated the appeal before the board. This court's analysis in *Leech* rests solidly on the point that the statute deems a delayed decision to be rendered in favor of the "applicant," unequivocally defined by §107(1) of the MPC, 53 P.S. §10107(1), as the developer "who has filed an application for development...."

Arguing on the basis of the general exception language in definition §107, "except where the context clearly indicates otherwise," the objectors point to MPC §908(9)'s reference to the "applicant's request for a hearing," contending that those terms equate the applicant with the appellant. Aside from the point that the last-quoted phrase occurs only in relation to the requirement that the initial hearing be held within sixty days, the total context of §908(9) indicates that it is fundamen-

tally designed to protect would-be developers, who nor-mally suffer from delay, rather than objectors, who normally benefit from delay. *Leech,* 37 Pa. Commonwealth Ct. at 32, 388 A.2d at 1138.

The objectors also point to section 1605 of the Plumstead Zoning Ordinance, which redescribes the deemed decision (if the board delays more that forty-five days) as being in favor of the person "who is seeking relief." However, the axiomatic principle is that an ordinance provision cannot conflict with, or serve to modify, the meaning of the very enabling statute which authorizes the existence of the ordinance.

The difficult question in this case relates to when the objectors' appeal time commences, with respect to their court attack upon the deemed decision in the developer's favor, an attack expressly authorized by the last sentence of §908(9) which reads:

Nothing in this subsection shall prejudice the right of any party opposing the application to urge that such decision is erroneous.

We have twice held that objectors in these situations cannot adopt precautionary appeals filed by developers from the ostensible decisions, but must initiate their own appeals — precautionary or not — from the deemed approvals. *West v. Colebrookdale Township Zoning Hearing Board,* 83 Pa. Commonwealth Ct. 322, 477 A.2d 590 (1984); *Foltz v. Borden,* 22 Pa. Commonwealth Ct. 562, 349 A.2d 918 (1976) *(Foltz III).*

In *Foltz II,* this court held that the time limitation for the objectors' appeal commences immediately upon the expiration of forty-five days from the board's last hearing. However, the trial judge and the objectors here have both placed reliance upon the provisions of 42 Pa. C. S. §5571(c)(6), which reads:

(6) Implied determinations - When pursuant to law a determination is deemed to have been

made by reason of the expiration of a specified period of time after submission of a matter to a tribunal or other government unit or after another prior event, any person affected *may treat* the expiration of such period as equivalent to the entry of an order for purposes of appeal and any person affected *shall so treat* the expiration of the period where the person has *actual knowledge* (other than knowledge of the mere lapse of time) that an implied determination has occurred. (Emphasis added.)

Act of July 9, 1976, P.L. 586, §2 *as amended* by Act of April 28, 1978, P.L. 202, §10, *effective* June 27, 1978.

The pivotal question, therefore, is whether that Judicial Code provision, enacted after our 1974 decision in *Foltz II,* has modified *Foltz II* so that an appellant has the *option* of treating the forty-sixth day as the commencement of an appeal period but is *required* to treat the appeal period as commencing only at the time that person acquires actual knowledge of the deemed decision. Moreover, what does this Code subsection mean by "actual knowledge," as distinguished from "knowledge of the mere lapse of time"?

The fact that the legislature has used the permissive word "may" in referring to the (mere) expiration of a period, which *Foltz II* marked as the limitations legal starting date, and has used the mandatory "shall" with respect to the date of "actual knowledge," while expressly distinguishing the latter from knowledge of the mere lapse of time, inexorably indicates that legislative grace has superseded the strict logic of *Foltz II.*

Legislative grace is not always synonymous with legislative clarity. When can a party be said to have actual knowledge that an implied determination has occurred? As noted above, deducing a date pursuant to *Foltz II* cannot amount to such actual knowledge because the

Judicial Code provision strongly negates any concept that the calendar alone can supply actual knowledge. The trial judge here apparently concluded that the objectors did not possess such actual knowledge until he issued his final decision adjudicating that the implied determination constituted an approval for the developer.

Although MPC §908(9) over-optimistically requires that "the municipality shall give public notice" of any deemed decision in favor of the applicant, this court has realistically held that the failure of a municipality to give such notice cannot serve to avoid the statutory sanction against procrastination, *Bucks County Housing Development Corporation v. Plumstead Township*, 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979) (involving the same municipality as in this case).

The present objectors, aware that municipalities are unlikely voluntarily to issue public notice that their agency has procrastinated, argue that, when a developer is forced to file the inevitable mandamus action to enforce a deemed approval, the developer could and should simultaneously seek a mandamus order to compel the municipality to obey the correlative statutory duty to issue that embarrassing notice. However, that contention ignores the "actual knowledge" trigger and, if adopted, would move the commencement of the appeal period to a date even later than the time allowed here, thus further contravening the undoubted legislative purpose of encouraging promptness. Indeed, because a municipality is usually supporting the objectors' opposition to development in a deemed decision case (normally the reason why the developer seeks to rely upon a deemed approval), protracted litigation of the mandamus case by the municipality could extend the objectors' appeal commencement time indefinitely into the future, far beyond any span of time reasonably required for the implementation of their rights.

Actual knowledge of the deemed decision therefore must be determined with reference to the factual history of each case. In this case, the record itself reveals that, not later than when the objectors intervened in the developer's mandamus case in October of 1983, those objectors had knowledge of the developer's claim to a deemed approval; that awareness was founded upon more than a mere calendar count of days elapsed. The mandamus proceeding, brought to enforce the deemed approval, constituted explicit notice to the objectors; its existence gave them actual knowledge beyond any implication conveyed by the clock's ticking alone.

In the circumstances of this case, the only other possible date is the date of the order herein appealed, April of 1985, the choice of which would allow objectors the unnecessarily long term of nearly two years to contemplate the matter.

Accordingly, the decision of the trial court is affirmed in part, with respect to the portion of order which directs the issuance of a building permit to the developer, and is reversed in part, insofar as it grants the intervenors permission to file a statutory zoning appeal from the deemed decision within thirty days.

ORDER IN 1292 C.D. 1985

NOW, May 6, 1986, the order of the Court of Common Pleas of Bucks County, at No. 83-03588-15-5, dated April 3, 1985, is affirmed insofar as it orders the issuance of a building permit to the plaintiff, and is reversed insofar as it grants leave to the intervenors to file a statutory zoning appeal within thirty days.

ORDER IN 1193 C.D. 1985

NOW, May 6, 1986, the order of the Court of Common Pleas of Bucks County, at No. 83-03588-15-5, dated April 3, 1985, is affirmed insofar as it orders the issuance of a building permit to the plaintiff, and is reversed insofar as it grants leave to the intervenors to file a statutory zoning appeal within thirty days.