538 A.2d 95

H. A. Steen Industries, Inc. *v.* Zoning Hearing Board of The Borough of Folcroft and the Borough of Folcroft. The Borough of Folcroft, Appellant.

Argued December 15, 1987, before Judges. CRAIG and DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Stephen J. Polaha,* with him, *David E. Auerbach,* Of Counsel: *Eckell, Sparks, Levy, Auerbach, Monte & Moses,* for appellant.

*David H. Moskowitz,* for appellee.

OPINION BY JUDGE CRAIG, February 23, 1988:

The Borough of Folcroft appeals a decision of Judge HOWARD F. REED, of the Court of Common Pleas of Delaware County, reversing a decision of the Folcroft Zoning Hearing Board, and ordering the borough to grant H. A. Steen Industries permits to erect outdoor advertising signs.

The issues are (1) whether Steen's applications for permits to install advertising signs were deemed approved under Section 1 of the Act of July 9, 1976, P.L. 919, *as amended,* 53 P.S. §4104 (1976 permit law); and (2) whether Steen could raise the issue of deemed approval in its appeal to the zoning hearing board.

Because we conclude that Steen's applications for the sign permits are deemed approved, and because the issue of deemed approval can be raised in an appeal to a zoning hearing board, we affirm.

The facts are not disputed. On November 21, 1984, Steen filed four permit applications for outdoor sign advertising with the borough zoning officer. The borough informed Steen that it would have to request a meeting of the borough planning commission to review the applications. Steen requested the planning commission meeting, and the borough scheduled the meeting for February 14, 1985. On January 29, 1985, Steen notified the borough that its lawyers could not attend the February 14 meeting and requested a continuance until sometime after February 25, 1985. The borough agreed to the continuance and the planning commission meeting was held on March 14, 1985. On May 2, 1985, the borough notified Steen that borough council had denied the applications.

Steen appealed the denial to the Folcroft Zoning Hearing Board on zoning grounds, consisting of claims for variances and special exceptions and, alternatively, a claim that the zoning restrictions upon signs were invalid. Before the board, Steen withdrew the variance and special exception claims, and without abandoning the invalidity attack on the zoning ordinance, presented a claim of deemed approval under the permit law cited above. The zoning hearing board, empowered by Ordinance No. 520 (amending both the zoning ordinance and the sign ordinance) to review sign permit actions, affirmed the dismissal of Steen's applications.

Steen appealed to the Court of Common Pleas of Delaware County, preserving the zoning invalidity attack and again asserting that his application had been deemed approved by the township's failure to render a decision on the initial application within ninety days. Judge HOWARD F. REED, based solely on the record established before the zoning hearing board, reversed the decision of the board, finding that Steen's application had been deemed approved and ordered the borough to issue the sign permits.

Steen had filed its application on November 21, 1984, and the borough did not inform Steen of the denial of the applications until May 2, 1985. Therefore, 162 days elapsed from the filing of the application until the notice of the decision. The permit law section provides as follows:

(a) A municipality which regulates the construction, erection, maintenance, operation or repair of buildings, structures or devices by means of an ordinance requiring the filing of an application, the payment of a fee and the issuance of a permit shall render a decision either approving or disapproving the application for a permit within 90 days after the application is filed unless the ordinance requires a decision within a lesser period of time, provided that any disapproval of the application shall be issued within said 90-day period containing a brief explanation setting forth the reasons for said disapproval and the manner in which the application can be corrected and/or modified to obtain the required approval. If no decision is rendered on the application within 90 days, the application shall be deemed to be approved and the permit shall be deemed to have been granted immediately, unless the applicant has agreed in writing to an extension of time. No agreement to extension of time for action may be made a part of an application form nor may any such agreement be required of any applicant under threat of denial of the application.

Therefore, without Steen's agreement to an extension of time, the above deemed approval provision is applicable in this case.

The borough contends that the January 29, 1985 letter from Steen requesting a continuance of the planning

commission meeting until sometime after February 25, 1985, constitutes a waiver of the ninety-day requirement of the statute. As Judge REED correctly points out, however, this letter is not a waiver by Steen of the requirement that the borough issue its decision within ninety days; it operates only to exclude the 28-day period attributable to the rescheduled hearing. Thus, if we subtract those 28 days, the borough still exceeded the ninety-day limit by forty-four days. Thus, the trial court correctly determined that Steen's permit applications for the signs were deemed approved.

The borough asserts that, even if the applications are deemed approved, Steen could not raise that issue before the zoning hearing board, but rather it was required to proceed on the deemed approval by filing a complaint in mandamus in the court of common pleas.

Although this court has held that mandamus is "an available remedy" to implement a deemed approval for failure to render a timely decision in a zoning matter, *Bucks County Housing Development Corp. v. Township of Plumstead,* 45 Pa. Commonwealth Ct. 532, 535, 406 A.2d 832, 835 (1979)[1], there is no case law to support the borough's position that mandamus is the exclusive method for implementing a deemed approval for failure to render a timely decision.

Moreover, in a case such as this, where an applicant takes a statutory appeal to the zoning hearing board and raises zoning ordinance issues, as well as alleging that his application was deemed approved because of failure to render a timely decision, efficiency is best served by the zoning hearing board entertaining all the issues

---

[1] *Bucks County* related to section 908 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(9), which requires a zoning board or hearing officer to render a decision within 45 days of the last hearing before the board or the officer.

rather than requiring the applicant separately to file a complaint in mandamus in the court of common pleas.

Accordingly, we affirm.

ORDER

Now, February 23, 1988, the order of the Court of Common Pleas of Delaware County, at No. 86-8630, dated May 20, 1987, is affirmed.