**Russell YOST, t/d/b/a R.L. Yost Trucking, Appellant,**

v.

**ZONING HEARING BOARD OF THE BOROUGH OF CANONSBURG**

v.

**The BOROUGH OF CANONSBURG.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1997.

Decided May 23, 1997.

Edward A. Schenck, Pittsburgh, for appellant.

Gary Gilman, Washington, for appellee, Zoning Hearing Board.

Glenn Alterio, Canonsburg, for appellee, Borough of Canonsburg.

Before COLINS, President Judge, and KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

Russell Yost, t/d/b/a R.L. Yost Trucking (Yost) appeals from an order of the Court of Common Pleas of Washington County denying Yost's appeal from a decision of the Zoning Hearing Board of the Borough of Canonsburg (ZHB).  We vacate and remand.

Yost owns a tract of real property in Washington County.  Approximately three acres are located in the Borough of Canonsburg (borough) and approximately one and one-half acres are located in Cecil Township. Yost utilizes the property to conduct a landscaping business as a valid pre-existing, nonconforming use.[1]

---

1.  A nonconforming use is an activity or structure predating relevant zoning restrictions or any pertinent amendments thereto.  *Township of Haverford v. Spica,* 16 Pa.Cmwlth. 326, 328 A.2d 878 (1974).

On or about February 2, 1995, Yost petitioned the borough's planning commission to rezone the three acres of Yost's property located in the borough from R/1, low density residential district to I/1, light industrial district. This request was denied by the planning commission.

Thereafter, the borough council held a meeting on June 12, 1995 at which time they voted on and approved a motion wherein the borough council directed Yost to apply, within two (2) business days for a certificate of occupancy for nonconforming uses pursuant to section 904 of the borough's zoning ordinance.[2] In addition, the borough council's motion provided that Yost's application for a certificate of occupancy would be approved for the three acres located within the borough subject to certain restrictions and/or conditions.[3] The borough council's motion required Yost to comply with the imposed restrictions and/or conditions within thirty (30) days of Yost's application for a certificate of occupancy. If Yost failed to apply for a certificate of occupancy within the imposed time limits, the borough council's motion provided that the borough's enforcement officer would issue a notice of violation of the borough zoning ordinance to Yost.

Yost failed to apply for a certificate of occupancy; therefore, on or about June 20, 1995, the borough's enforcement officer issued a zoning enforcement notice to Yost. Therein, it was alleged that Yost violated section 904(2) of the borough's zoning ordinance and failed to comply with the other conditions imposed by the borough council,

through its motion, on June 12, 1995. Yost appealed the zoning enforcement notice to the ZHB.

A hearing was held on August 22, 1995 before the ZHB. Before the ZHB, Yost challenged the borough's requirement that Yost apply for a certificate of occupancy subject to the imposed restrictions and/or conditions. The ZHB did not vote on Yost's appeal at the August 22, 1995 hearing.

On October 19, 1995, the ZHB held a meeting during which the ZHB voted to deny Yost's appeal. By letter dated February 15, 1996, the borough's solicitor forwarded to Yost's counsel a copy of the minutes of the October 19, 1995 meeting. This was Yost's first notice of the ZHB's decision regarding Yost's appeal. Yost timely appealed the ZHB's denial of his appeal to the trial court.

■ Without taking additional evidence, the trial court upheld the ZHB's decision and denied Yost's appeal. The trial court determined that (1) the borough possessed the authority to impose reasonable restrictions on an expansion of a non-conforming use and (2) a thorough review of the August 12, 1995 minutes of the ZHB revealed that the restrictions imposed upon Yost were reasonable and within the authority of the borough. This appeal followed.[4]

On appeal herein, Yost raises the following issues:

1. Whether the ZHB's failure to (1) issue a decision containing findings of fact and conclusions of law and (2) notify Yost of its decision more than one hundred (100)

---

2. Section 904(2) of the borough's zoning ordinance provides, in pertinent part, that:

> 2. Certificate of Occupancy for Nonconforming Uses, Buildings and Signs—A certificate of occupancy shall be issued for any nonconforming use, building or sign to be continued after the effective date of this Chapter, subject to the following regulations:
> Certificates of occupancy for nonconforming uses, buildings or signs shall run for a period of twelve (12) months only and must be renewed at the end of that time . . . .
> Such certificate shall be issued only after the Building Inspector has inspected the premises and determined that the use, building or sign, is lawful and nonconforming but in no case more than fifteen (15) days after date of application.

Original Record, Borough of Canonsburg Zoning Ordinance, p. 463.

3. The restrictions/conditions imposed upon the use of Yost's property by borough council set forth the hours of operation for Yost's landscaping business, limited what materials could be stored upon the property, and required that the property maintain either a fence or a buffer area. Exhibit "A" to appellant's brief.

4. Because no additional evidence was submitted to the trial court, this court's scope of review is limited to a determination of whether the ZHB committed a manifest abuse of discretion or an error of law. *Searles v. Zoning Hearing Board, City of Easton,* 118 Pa.Cmwlth. 453, 545 A.2d 476 (1988).

days after the decision was rendered, result in the decision being deemed in favor of Yost.

2. Does a municipality have authority to impose limitations and restrictions on an existing legal, nonconforming use, in regard to uses that have *not* expanded;

3. Is it an attempt at amortization to impose limitations and restrictions on an existing legal, nonconforming use, in regard to uses that have *not* expanded;

4. Is it an attempt at amortization to impose limitations and restrictions on an existing legal, non-conforming use, in regard to uses that have *not* expanded;

5. Should the limitations and restrictions be stricken for lack of any standards to determine compliance;

6. Is there a lack of substantial, competent evidence of a threat to public health, safety, and welfare.

■ First, Yost contends that the decision of the ZHB should be deemed to have been rendered in favor of Yost due to the ZHB's failure to comply with section 908 of the Pennsylvania Municipalities Planning Code[5] (MPC). Yost argues that the ZHB violated section 908(9) because the ZHB's decision as set forth in minutes of the October 19, 1995 meeting is not accompanied by findings of fact and conclusions based thereon. In addition, Yost contends that the ZHB violated section 908(10) by not providing Yost with a copy of its decision by either delivering it to Yost personally or by mailing it to Yost no later than the day following the October 19, 1995 date of the decision. These two violations together, Yost contends, should result in the ZHB's decision being deemed to have been rendered in favor of Yost.

Section 908(9) provides, in pertinent part, as follows:

(9) The board ... shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last hearing before the board ... Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the

reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found.... Where the board fails to render the decision within the period required by this subsection ... the decision shall be deemed to have been rendered in favor of the application unless the applicant has agreed in writing or on the record to an extension of time.

53 P.S. § 10908(9).

Section 908(10) of the MPC provides, in pertinent part, as follows:

(10) A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date.

53 P.S. § 10908(10).

We point out that sections 908(9) and 908(10) of the MPC refer to the "applicant". Applicant is defined in section 107 of the MPC as "a landowner or developer ... who has filed an application for development ...". 53 P.S. § 10107. This court has held that under section 908(9), a zoning hearing board's inaction cannot be deemed to be a decision in favor of anyone except the "applicant" as that term is defined in section 107. *Leech v. Cater*, 37 Pa.Cmwlth. 29, 388 A.2d 1137 (1978).

Herein, although Yost is a landowner, Yost clearly did not file an application for development. To the contrary, Yost appealed to the board based on the fact that he was issued an enforcement notice by the borough's zoning officer for allegedly violating the borough's zoning ordinance. Therefore, Yost cannot be considered an "applicant" as that term is defined in section 107 and utilized in sections 908(9) and 908(10). This interpretation is consistent with the fundamental design of section 908(9) to protect would-be developers, who normally suffer from delay, against procrastination by a zoning hearing board. *Van Wingerden v. Kallatch*, 97 Pa.Cmwlth. 66, 508 A.2d 1295 (1986); *Leech.* Accordingly,

5. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908.

388 ■

the ZHB's failure to make findings of fact and conclusions of law based thereon coupled with the ZHB's failure to promptly provide Yost with a copy of its decision cannot be deemed to be a decision in favor of Yost.

■ Notwithstanding our holding that Yost is not entitled to a deemed decision in its favor, we believe that this matter must be remanded to the ZHB for the purpose of properly formulating specific findings of fact and conclusions of law to support the ZHB's decision to deny Yost's appeal. As noted previously herein, our scope of review, when the trial court has not taken additional evidence, is limited to a determination of whether the ZHB committed a manifest abuse of discretion or an error of law. *Searles.* This court has held that "[a]ppellate courts cannot properly and efficiently exercise even a limited function of judicial review without the [ZHB's] necessary findings of fact and conclusions of law together with reasons for its decision, even when the record contains complete testimony presented to the [ZHB]." *Upper Saucon Township v. Zoning Hearing Board of Upper Saucon Township,* 136 Pa. Cmwlth. 370, 583 A.2d 45, 48 (1990). *See also Borough of Youngsville v. Zoning Hearing Board of the Borough of Youngsville,* 69 Pa.Cmwlth. 282, 450 A.2d 1086 (1982) (A zoning hearing board must render an opinion delineating sufficient findings to support its conclusion in order to provide for a meaningful judicial review).

Herein, the ZHB did not make specific findings and conclusions of law but merely relied on the minutes of its October 19, 1995 meeting as the basis for its decision to deny Yost's appeal. While the trial court determined that the reasons for the ZHB's decision were clear from the minutes of the ZHB's August 22, 1995 hearing on Yost's appeal, based on our holding in *Upper Saucon Township,* this is insufficient to enable this court to perform efficient appellate review. Accordingly, the order of the trial court is vacated and this matter is remanded to the trial court for remand to the ZHB for the purpose of properly formulating specific

findings of fact and conclusions of law to support the ZHB's decision to deny Yost's appeal.[6]

*ORDER*

NOW, this 23rd day of May, 1997, the order of the Court of Common Pleas of Washington County, dated August 26, 1996, at No. 96–1225, is vacated and this case is remanded to the trial court for remand to the Zoning Hearing Board of the Borough of Canonsburg with instructions that the board formulate specific findings of fact and conclusions of law to support its decision.

Jurisdiction relinquished.

COLINS, President Judge, dissents.

**6.** In light of our remand of this matter, we need not reach the remaining issues raised herein by Yost.