885 A.2d 123 (2005)
Christopher P. MAGYAR and Christine M. Magyar, husband and wife
v.
The ZONING HEARING BOARD OF LEWIS TOWNSHIP
v.
Willard F. Murray, and Linda D. Murray, husband and wife
v.
Lewis Township
Appeal of: Willard F. Murray and Linda D. Murray, husband and wife.
Commonwealth Court of Pennsylvania.
Argued September 15, 2005.
Decided October 21, 2005.
*124 Melissa S. Lobos, Mifflinburg, for appellants.
Roger V. Wiest, II, Sunbury, for appellees, Christopher P. Magyar and Christine M. Magyar.
Joel M. Wiest, Sunbury, for appellee, Lewis Township.
BEFORE: LEADBETTER, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.
OPINION BY Judge SIMPSON.
In this procedurally unusual zoning case, we must decide when the appeal period from a deemed approval begins. Willard and Linda Murray (Applicants) seek review of an order of the Court of Common Pleas of Northumberland County (trial court) that quashed another party's appeal from a deemed approval of their application, but did so with reasoning that allowed a later appeal. The trial court determined the appeal was premature because neither the Zoning Hearing Board of Lewis Township (Board) nor Applicants provided public notice of the deemed approval as required by statute, and, as a result, the appeal period was never triggered. Discerning no error, we affirm.
Applicants own property located at 90 East Second Street, Lewis Township, Northumberland County (Subject Property), which they currently use as their residence. The Subject Property is zoned R-1 residential.
In October 2002, Applicants submitted an application to the Township's zoning officer seeking a special exception for a home occupation involving the erection of a garage to house school buses.
The Board scheduled the first hearing on Applicants' application in January 2003, but continued the hearing because the *125 Subject Property was not properly posted.[1] Before the Board, Applicants asserted their special exception request was deemed approved because the Board did not conduct the first hearing on the application within 60 days as required by Section 908(1.2) of the Pennsylvania Municipalities Planning Code (MPC).[2]
In May 2003, the Board issued a decision rejecting Applicants' assertion that they were entitled to a deemed approval. The Board also rejected Applicants' special exception request on the merits. Applicants appealed to the trial court, asserting the Board erred in denying the deemed approval.
Following a hearing, the trial court issued an opinion in which it determined the Board's failure to conduct a timely hearing on Applicants' application resulted in a deemed approval.
In response to the special exception the Board was deemed to grant, new neighbors Christopher and Christine Magyar (Objectors) appealed to the trial court, seeking denial of the application on the merits.[3]
Before the trial court, Applicants filed a motion to quash Objectors' appeal of the deemed approval. They asserted Objectors lacked standing. The trial court denied Applicants' motion to quash, stating Objectors, as neighbors of the Subject Property, had standing to appeal, and the occurrence of the deemed approval did not preclude an appeal on the merits.
Applicants sought reconsideration based on additional evidence (the date Objectors entered into an agreement to purchase the adjoining property) and based on a claim the prior ruling was erroneous.[4] The trial court subsequently issued an order directing the parties to submit a stipulation limited to those facts necessary to determine whether Objectors had standing to appeal.
Thereafter, the trial court issued an opinion in which it addressed a jurisdictional issue not raised by the parties. The trial court framed the issue as follows: "[t]he question raised ... is whether [Objectors'] appeal was timely or even premature. In order to answer this question, one must define what event in a `deemed approval' situation triggers the running of the period within which an appeal may be taken to this Court." Tr. Ct., Slip Op. at 3 (footnote omitted).
Responding to this issue, the trial court first observed, pursuant to Sections 908(9) and 1002-A of the MPC,[5] the 30-day period within which to appeal a deemed approval *126 begins to run on the date public notice of the deemed approval is given by the zoning hearing board or the applicant. See Peterson v. Amity Twp. Bd. of Supervisors, 804 A.2d 723 (Pa.Cmwlth.2002). The trial court determined neither the Board nor Applicants gave the required notice. Thus, the trial court explained:
Here, based upon the representations of counsel, no such notice has ever been given by either [Applicants] or the [Board]. Until the [Subject Property] is posted by [Applicants] or the [Board] in accord with [S]ection 908(9), there is no public notice of the intent of [Applicants] to claim a deemed approval and that they are acting on it. There has not been a triggering event, as required by the MPC and by Peterson, from which an aggrieved party has notice that it must now act by timely seeking this Court's review.... The [o]rder of this Court [granting the deemed approval] was helpful to [Applicants] as a final determination that they were entitled to assert a deemed approval; however, the record does not show [Applicants] ever acted upon it by providing [the required notice]. Accordingly, this appeal by [Objectors] is premature.... [T]his Court must treat a premature appeal as being just as improper as an untimely onea nullity that defeats the jurisdiction of this Court to consider the matter further.
[Applicants] cannot simply begin using [the Subject Property] as contemplated in their petition for special exception without first providing notice, as required by the MPC, of the deemed approval. If such notice is given, the time for any appeal would then begin running. Of course, no zoning permits should be issued based upon a deemed approval until the [Subject Property] is properly posted and the thirty-day appeal period therefrom has expired. This would allow for any aggrieved property owner to file an appeal, which at that time would no longer be premature.
Tr. Ct., Slip Op. at 4-5 (footnotes and citations omitted). Consequently, the trial court quashed Objectors' appeal as premature. The practical result of the ruling was that Objectors could refile their appeal from the deemed approval after proper notice.
On Applicants' appeal to this Court,[6] they assert the trial court erred in: (i) failing to quash Objectors' appeal as late rather than premature; (ii) failing to hear testimony as to when Objectors had actual knowledge of Applicants' claim to a deemed approval; and (iii) requiring Applicants to provide public notice of the trial court's decision that a deemed approval occurred.

I.
Applicants first assert the trial court erred in failing to quash Objectors' appeal as late (and therefore not capable of refilling) rather than premature (and therefore susceptible to refilling) because Objectors did not appeal within 30 days of the Board's actual decision denying the special exception. They contend Objectors should have filed a precautionary appeal because the issue of whether a deemed approval occurred was raised before the Board. We disagree.
Pursuant to Pa. R.A.P. 501, only a party "who is aggrieved by an appealable order ... may appeal therefrom." A party is aggrieved when he "is adversely, *127 directly, immediately and substantially affected by a decision." Sparacino v. Zoning Bd. of Adjustment, City of Phila., 728 A.2d 445, 448 (Pa.Cmwlth.1999) (emphasis added). "The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not `aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." Hertzberg v. Zoning Bd. of Adjustment of the City of Pittsburgh, 554 Pa. 249, 256, 721 A.2d 43, 46 n. 6 (1998). See also William Penn Parking, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A.2d 269 (1975).
This Court holds, where a party is not adversely affected by a zoning hearing board's decision, it may not appeal that decision. See Boerner v. Hazle Twp. Zoning Hearing Bd., 845 A.2d 210 (Pa.Cmwlth.2004) (objectors could not appeal zoning hearing board's denial of applicant's variance request as they were not aggrieved by board's decision); Appeal of Foltz, 22 Pa.Cmwlth. 562, 349 A.2d 918 (1976) (landowner could not file precautionary appeal where he was not aggrieved by zoning hearing board's decision).
Here, the Board's decision denying Applicants' special exception request was favorable to Objectors. Because they were not adversely affected by the Board's decision, Objectors could not appeal it. Boerner; Foltz.
Nevertheless, Applicants assert the trial court erred in determining the appeal period begins when public notice of the deemed approval is given. They contend the trial court essentially required them to appeal the Board's decision within 30 days and to advertise the deemed approval so as to start a new 30-day appeal period. Applicants argue this interpretation of Section 1002-A conflicts with the statute's plain language, which states either of the appeal periods is appropriate, not both.
The procedures set forth in the MPC are the exclusive methods for securing review of a land use decision by a zoning hearing board. 53 P.S. § 11001-A. Pursuant to Section 908(9) of the MPC:
When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision ... the board shall give public notice of said decision within ten days from the last day it could have met to render a decision .... If the board shall fail to provide such notice, the applicant may do so. Nothing in this subsection shall prejudice the right of any party opposing the application to appeal the decision to a court of competent jurisdiction.
53 P.S. § 10908(9) (emphasis added). Further, Section 1002-A of the MPC provides, as relevant:
All appeals from all land use decisions... shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9) ....
53 P.S. § 11002-A (emphasis added). Construing this provision, this Court explained, "a deemed approval, at least in the zoning context, is not self-effectuating; either the municipality or the developer must give public notice of the deemed approval, and it is from this notice that the time for appeal ... from a deemed approval begins to run under Section 1002-A." Peterson, 804 A.2d at 728 (footnotes omitted) (emphasis added).
*128 Here, Applicants chose to pursue a statutory appeal of the Board's decision denying their special exception application in order to establish the existence of the deemed approval. The trial court ultimately determined a deemed approval occurred because the Board failed to hold a timely hearing. Despite obtaining a judicial determination that a deemed approval occurred, neither the Board nor Applicants provided public notice of the deemed approval as required by Sections 908(9) and 1002-A of the MPC. Therefore, the 30-day period in which to appeal the deemed approval was not triggered. Peterson. As a result, the trial court correctly determined Objectors' appeal of the deemed approval was premature.
Courts lack jurisdiction to hear premature appeals just as they lack jurisdiction to hear late appeals. See Snyder v. Zoning Hearing Bd. of Warminster Twp., 782 A.2d 1088 (Pa.Cmwlth.2001), appeal dismissed as improvidently granted, 570 Pa. 493, 810 A.2d 636 (2002) (quashing appellant's appeal to trial court as premature where appellants filed an appeal after board issued an oral decision, but before board mailed written decision) and Mountain Prot. Alliance v. Fayette County Zoning Hearing Bd., 757 A.2d 1007 (Pa.Cmwlth.2000) (quashing appeal as premature where appellants filed their appeal to the trial court before issuance of a decision and before deemed approval occurred). Thus, the trial court properly quashed Objectors' premature appeal on the grounds it lacked jurisdiction.

II.
Alternatively, Applicants argue the trial court erred in failing to obtain testimony from Objectors as to when they had actual knowledge of Applicants' claim to a deemed approval. Applicants contend, based on our decision in Van Wingerden v. Kallatch, 97 Pa.Cmwlth. 66, 508 A.2d 1295 (1986), the trial court was obligated to hear such testimony. This argument fails for several reasons.
First and foremost, Applicants did not request the trial court hear testimony on Objectors' actual knowledge. By failing to raise this issue before the trial court, Objectors waived it. See Pa. R.A.P. 302(a) (issues not raised in the lower court are waived and cannot be raised for the first time on appeal).
Further, even if not waived, this argument fails, because Van Wingerden does not compel the result Applicants seek. There, this Court was asked to decide when the time limitation for an objector's appeal of a deemed approval begins to run. In order to respond to this issue, we examined Section 5571(c)(6) of the Judicial Code, which states:
(6) Implied determinations.  When pursuant to law a determination is deemed to have been made by reason of the expiration of a specified period of time after submission of a matter to a tribunal or other government unit or after another prior event, any person affected may treat the expiration of such period as equivalent to the entry of an order for purposes of appeal and any person affected shall so treat the expiration of the period where the person has actual knowledge (other than knowledge of the mere lapse of time) that an implied determination has occurred.

42 Pa.C.S. § 5571(c)(6) (emphasis added). Applying this section, we determined that because the objectors' appeal was not filed within 30 days of the date they had actual knowledge of the applicant's claim to a deemed approval, their appeal was untimely.
Van Wingerden is not controlling here, as it was decided prior to the 1988 enactment *129 of Section 1002-A of the MPC. The added statutory provision explicitly states, in the case of a deemed decision, "an appeal shall be filed ... within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9)." 53 P.S. § 11002-A. Unlike Section 5571(c)(6) of the Judicial Code, upon which we relied in Van Wingerden, Section 1002-A contains no "actual knowledge" component that triggers the start of the appeal period. Thus, we reject Applicants' argument based on the new statutory provision.

III.
Applicants also contend the trial court erred in requiring them to provide notice of a deemed approval established by a trial court order. By requiring them to provide notice here, Applicants argue, the trial court stripped them of their rights to pursue a mandamus action or a statutory appeal to effectuate the deemed approval. Essentially, Applicants contend they were not required to comply with the notice requirement here because instead of a declaration of deemed approval they chose to pursue an alternate remedy, a statutory appeal asserting a deemed approval. Again, we disagree.
Although an applicant may file a statutory appeal or a mandamus action to determine the existence of a deemed approval, see H.A. Steen Indus., Inc. v. Borough of Folcroft, 113 Pa.Cmwlth. 615, 538 A.2d 95 (Pa.Cmwlth.1988), either the board or the applicant must give public notice of the deemed approval to trigger the appeal period. See 53 P.S. §§ 10908(9), 11002-A.
Contrary to Applicants' assertions, the trial court did not extend the appeal period here by requiring Applicants to provide public notice of the deemed approval. Pursuant to Sections 908(9) and 1002-A of the MPC, the period in which to appeal a deemed approval is triggered when proper notice of the deemed decision is given. Peterson. Neither Applicants nor the Board gave such notice here; thus, the trial court correctly held the appeal period was not triggered.
Accordingly, we affirm.[7]

ORDER
AND NOW, this 21st day of October, 2005, the order of the Court of Common Pleas of Northumberland County is AFFIRMED.
NOTES
[1] The Board subsequently conducted hearings on the application over the course of three evenings in February and April 2003.
[2] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10908(1.2). That section provides, in pertinent part: "[t]he first hearing before the board ... shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time...."
[3] Although unclear in the record, the parties apparently treated the trial court's determination of deemed approval as though it was rendered by the Board. Thus, Objectors filed their appeal of the approval with the trial court.
[4] The request for reconsideration is not included in the certified record.
[5] Section 908(9) provides, when a deemed decision occurs, the board must give public notice of the decision, and, if the board fails to give notice, the applicant may do so. 53 P.S. 10908(9). Further, Section 1002-A states an appeal from a deemed decision must be filed within 30 days of the date on which public notice of the decision is given. Section 1002-A of the MPC, added by the Act of December 21, 1988, P.L. 1329, as amended, 53 P.S. § 11002-A.
[6] Appellate review of a trial court's order quashing an appeal as untimely is limited to determining whether the trial court abused its discretion or committed an error of law. Tongel v. City of Pittsburgh, 756 A.2d 707 (Pa.Cmwlth.2000).
[7] Applicants further argue the trial court erred in failing to address the issue of whether Objectors had standing to appeal the grant of the deemed approval. They assert Objectors lacked standing because they did not appear before the Board despite holding equitable title to their property and they did not intervene in Applicants' appeal of the Board's decision.

The trial court pointed out its resolution of the case rendered analysis of the standing issue unnecessary; nevertheless, it provided a thorough discussion of the reasons it believed Objectors had standing to appeal. See Tr. Ct., Slip Op. at 5 n. 6. More specifically, the trial court rejected Applicants' arguments that Objectors lacked standing, stating: (1) Objectors did not appear before the Board because they did not purchase their property until after the Board hearings concluded; (2) Objectors' predecessors-in-interest appeared before the Board in opposition to the special exception request; (3) the sole issue litigated in Applicants' statutory appeal of the Board's decision was whether Applicants were entitled to a deemed approval and did not concern the merits of the special exception request; and (4) Objectors could not appeal the Board's denial of Applicants' request as they were not aggrieved by that decision. Therefore, the trial court appropriately responded to Applicants' arguments that Objectors lacked standing.