608 A.2d 1105

**Diane R. STRAUSS**

v.

**The ZONING HEARING BOARD OF HAVERFORD TOWNSHIP and Haverford Township,**

**Haverford Township, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1992.

Decided May 4, 1992.

604

Hugh A. Donaghue, for appellant.

Denis M. Dunn, for appellee.

Before CRAIG, President Judge, DOYLE, (P.), J., and LORD, Senior Judge.

CRAIG, President Judge.

Haverford Township [1] appeals a decision of Judge George Koudelis of the Court of Common Pleas of Delaware County which reversed a decision of the board denying to Diane Strauss, property owner, the necessary permits for Strauss to continue to rent three houses in Haverford Township. We affirm.

The issues in this case are: (1) Whether the trial court erred in granting to Strauss a "deemed approval" of her permit because the board voted to deny her permit at a meeting without a quorum; and (2) whether the trial court erred in concluding that the board committed an abuse of discretion and error of law in finding that Strauss' use of her property was not a legal nonconforming use.

The facts in this case, as found in the trial court's opinion, are as follows. Every year, from 1986 through 1989, the township granted permits to Strauss entitled "Occupancy Registration Rental Units" pursuant to two sections of the Haverford Zoning Ordinances, §§ 104-6(d) and 104-10, which provide that owners of property who rent to more than two unrelated persons must register and secure a permit from Haverford Township.

In 1989, the township adopted Ordinance No. 2064, which amended and supplemented the previous ordinance and created a new residential classification for student housing and imposed minimum setback requirements, minimum building size requirements, and minimum parking requirements. Strauss' properties did not comply with this new ordinance. In 1990, when Strauss applied for a permit, the township zoning officer refused to issue to Strauss a permit because of the new ordinance.

After the township zoning officer denied her permit, Strauss appealed to the board arguing that the use of her

---

1. The Zoning Hearing Board of Haverford Township does not have standing to appeal the trial court's reversal of its decision. *Lansdowne Borough Board of Adjustments Appeal,* 313 Pa. 523, 170 A. 867 (1934). However, because the Township of Haverford intervened in this matter, we may decide the case on its merits.

properties constituted a legal nonconforming use. On July 11, 1990, at the hearing before the board, Strauss testified that three students live in each house and each student has her own bedroom. Strauss testified that each house has one kitchen, one bathroom, a living room and dining room. On August 16, 1990, with one member of the three-person board present, the board voted to uphold the township zoning officer's denial of Strauss' permit. The two members of the board who were not present at the meeting submitted letters containing their vote.

Strauss then appealed to the Court of Common Pleas of Delaware County which did not take additional evidence on the matter, although the trial court did accept a stipulation from both parties regarding dates the court found necessary to determine if a quorum was convened at the August 16, 1990 meeting of the board.[2]

The trial court reversed the board, stating that the board committed an error of law and an abuse of discretion in failing to find that Strauss' use of the property constituted a legal nonconforming use predating the adoption of Ordinance No. 2064. The trial court also stated that the board's vote denying Strauss' permit did not constitute a lawful act because the board failed to convene a quorum and such failure to act resulted in "deemed approval" of Strauss' permit pursuant to section 908(9) of the Pennsylvania Municipalities Code,[3] 53 P.S. § 10908(9).

2. The trial court stated that it did *not* conduct a de novo review of this case because the facts stipulated to were contained in the board's record and therefore the trial court did not take additional evidence. Appellant does not contest this aspect of the trial court's opinion. Because the trial court did not accept new evidence, our scope of review of the trial court's decision is whether the Zoning Hearing Board committed a manifest abuse of discretion or an error of law, *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh,* 80 Pa.Commonwealth Ct. 79, 471 A.2d 128 (1984).

3. Act of 1968, P.L. 805, No. 247, as amended, 53 P.S. § 10908(9). Section 908(9) states:
    (9) The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within 45 days after the last

*Deemed Approval*

■ In this case, two members of the three-member board were not present at the August 16, 1990 meeting when the board's vote was taken. Section 906(a) of the MPC, 53 P.S. § 10906(a), states that "[F]or the conduct of any hearing and taking of any action, a quorum shall be not less than a majority of all the members of the board ..."

The trial court cites in its opinion *Wharton v. Cheltenham Township*, 68 Montgomery County L.R. 264, 82 Pa.D & C 408 (1952), for the proposition that a decision made by a board without a quorum is *void*. Thus, the trial court states that because the board did not render a decision within 45 days of the July 11, 1990 hearing the board violated § 908(9) of the MPC and Strauss' student housing permit is "deemed approved."

However, we disagree with the trial court's conclusion that under § 908(9) Strauss is entitled to a "deemed approval." The record indicates that the board issued a written decision on August 17, 1990. Section 908(9) of the MPC states that failure to issue a *written* decision within 45 days of the last hearing date entitles applicant to a deemed approval of his or her permit. Because the board in this case did issue a written decision within 45 days of the July 11, 1990 hearing, Strauss is not entitled to a deemed approval of her student housing permit.

■ Furthermore, this court has stated that a governing body's procedural irregularities do not result in a deemed approval when the governing body issues a written decision within 45 days of the last hearing because the purpose of § 908(9) is to punish a board's procrastination. *Bucks County Housing Development Corp. v. Zoning Hearing*

hearing before the board or hearing officer.... Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within 60 days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time.

*Board of Plumstead Township,* 45 Pa.Commonwealth Ct. 532, 406 A.2d 832 (1979). This court has stated:

Where a board does make a decision [within 45 days], even in violation of other procedural requirements, there is absent the vice of procrastination, against which the 45–day rule is directed.

*Bucks County,* 45 Pa.Commonwealth Ct. at 536, 406 A.2d at 835.

Thus, although the board's initial vote did not comply with procedural guidelines, the board's written decision avoided offense to the purpose of § 908(9) and Strauss is not entitled to a deemed approval.

### *Whether Strauss' Previous Use Conforms To the Local Zoning Ordinance*

■ The board found that the students did not qualify as a "family" as that term is defined in § 182–106 of the Haverford Ordinance, which reads:

FAMILY—a single person occupying a dwelling unit and maintaining a household; two (2) or more persons related by blood, marriage or adoption occupying a dwelling unit, living together and maintaining a common household, including not more than one (1) boarder, roomer or lodger; or *not more than three (3) unrelated persons occupying a dwelling unit living together and maintaining a common household (group quarters).* [Emphasis added]

Strauss argues that her use of the properties has been consistent with the definition of family in the ordinance because the uncontradicted testimony is that her tenants shared a kitchen and common living space. Strauss therefore argues that her use of the property constituted a legal nonconforming use before the adoption of the 1989 student housing classification. Section 107(a) of the MPC, 53 P.S. § 10107(a), defines nonconforming use as a:

[U]se, whether of land or of structure, which does not comply with the *applicable* use provisions in a zoning ordinance or amendment heretofore or hereafter enacted,

where such use was *lawfully* in existence prior to the enactment of such ordinance or amendment.... (Emphasis added.)

Strauss is arguing that her use has legal nonconforming use status because her use was in compliance with the family dwelling section of the ordinance before the recent amendment described student housing as a discrete use category in itself.

The board concluded that the students did not maintain a common household nor function in a manner similar to families. However, the trial court overturned that decision, stating that the evidence presented by Strauss adequately showed that Strauss' use of the property complied with the township requirements.

The township cites *Allied Services for the Handicapped, Inc. v. Zoning and Hearing Board of the City of Scranton*, 73 Pa.Commonwealth Ct. 558, 459 A.2d 60 (1983), for the proposition that residents who are students lack the cohesiveness and permanence of a "family" and do not maintain a common household. The township argues that *Allied* sets forth criteria for determining whether residents are a family and those criteria were not met by Strauss. These criteria are: whether the occupants made decisions collectively or under a single head or manager; the length of stay of the individuals; whether the occupants would buy, cook and eat their meals together; and whether they would conduct their lives independently.

The township correctly states that Strauss did not present evidence regarding those specific criteria. However, the township's reliance on *Allied Services* is misplaced. In *Allied Services*, Allied attempted to obtain a building permit to construct a group home for five unrelated individuals who had undergone treatment for various forms of emotional disturbances. The zoning officer and board of Scranton denied the permit and Allied Services appealed to the trial court. The trial court, without taking additional evidence, affirmed the board's decision.

This court, finding that the board did not issue an opinion explaining its action, remanded the case to the trial court and recommended that the board develop a record, taking into consideration those factors stated above. Thus, this court did not specifically burden the property owner with proving those criteria.

In *Appeal of Miller*, 511 Pa. 631, 515 A.2d 904 (1986), an owner of a house received boarders who were aged and handicapped persons referred by hospitals or social agencies. The owner charged $200 a month and provided the boarders with room, board, transportation and supervision and monitoring of grooming and personal needs. The zoning ordinance permitted single family dwellings and defined family as "any number of persons living and cooking together as a single housekeeping unit." The zoning board denied the owner's permit to operate the boarding house, stating that because most of the lodgers paid for their lodging, board and care and membership of the group was subject to periodic change, the group did not function as a family. The trial court and this court affirmed the board.

However, the Supreme Court reversed, stating that despite the fact that the tenants paid for their lodging and some were temporary lodgers, the residents functioned as a family. The Supreme Court noted that the residents shared one kitchen.

In *JALC Real Estate Corp. v. Zoning Hearing Board of Lower Salford Township*, 104 Pa.Commonwealth Ct. 605, 522 A.2d 710 (1987), an applicant sought to create a home for four mentally retarded adults served by approximately ten full and part-time employees. The zoning ordinance defined a family as a group of people living together as a single nonprofit housekeeping unit. This court reversed a trial court's affirmance of the zoning hearing board which denied the permit for applicant's use. This court stated:

We are convinced that the findings of the Zoning Hearing Board and the undisputed testimony support the conclusion that the four mentally retarded women who would live at the house in question constitute a 'family' as

defined by the ordinance. The ordinance requires simply that the individuals must 'live together as a single, non-profit housekeeping unit' and must do their cooking on the premises. *There is no requirement in the ordinance that to be considered a 'family' the occupants must be related or that they resemble the common concept of a 'family' as used in everyday parlance.*

*JALC,* 104 Pa.Commonwealth Ct. at 609, 522 A.2d at 712 (emphasis added).

Because the ordinance in this case uses generalized language to define a family as unrelated persons maintaining a "common household," we agree with the trial court that Strauss presented substantial evidence that her use of the property fitted within the family section of the ordinance and the board erred in holding otherwise.

The existence of common eating and cooking facilities in each house was a significant factor in this case, because use of a single kitchen in common was an objective indication of a family-type setting.

Accordingly, we affirm Judge Koudelis' order holding that Strauss' use of the property has legal nonconforming use status.

ORDER

NOW, May 4, 1992, the decision of the Court of Common Pleas of Delaware County, No. 90–16241, dated May 13, 1991, is affirmed.