646 A.2d 672

John DIETERLY, Jr., Appellant,

v.

ZONING BOARD OF CHELTENHAM TOWNSHIP, Township of Cheltenham, Board of Commissioners of Cheltenham Township and Anthony Sorrenti.

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1994.

Decided Aug. 2, 1994.

Reargument Denied Sept. 22, 1994.

Vincent J. Ziccardi, for appellant.

David M. Jordan, for appellees.

Before COLINS and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

COLINS, Judge.

John Dieterly, Jr. (appellant), appeals the July 15, 1993 order of the Court of Common Pleas of Montgomery County (Common Pleas) which permitted the joinder of Cheltenham Township's (Township) Zoning Hearing Board (Board) and dismissed appellant's amended complaint with prejudice. We affirm.

Appellant owns two lots in an R–5 Residential District of the Township. Appellant resides on the front half of the first lot and operates a scrap metal recycling business (business) from the rear half of this lot. Since 1965, appellant has continuously operated the business without ever having applied for a variance or a special exception. Appellant's business has expanded such that he has begun conducting business activities on the right-of-way of one adjoining street and on the shoulder of another. As a result, by letter dated March 22, 1990, the Township's Director of Engineering, Zoning, and Inspection notified appellant that the operation of his business violated the Township's zoning code. Further, the letter demanded that appellant cease and desist his business activities. Consequently, appellant applied to the three-member Board for: (1) a special exception and/or variance to expand the business on the first lot; and (2) a variance to operate his business on the second lot (collectively, appellant's applications). On October 26, 1990, one of the Board's members submitted his resignation; only two members of the Board remained. Nevertheless, on October 29 and November 19, 1990, the Board held hearings in this matter. The record reveals that appellant requested the Board to continue each hearing, because the Board was not duly constituted. On February 19, 1991, however, the Board voted 2–0 to deny appellant's applications.

On February 22, 1991, appellant appealed the Board's denial of his applications to Common Pleas by filing a complaint in mandamus against the Township, the Township's Board of Commissioners, and Anthony Sorrenti (collectively, appellees). Thereafter, on April 8, 1991, appellant filed an amended complaint which consisted of two counts. As Common Pleas summarized:

> Count I sought entry of deemed approval of [appellant's] applications. [Appellant] asserted he was entitled to deemed approval according to his theory that he did not receive a timely hearing as required by section 908(1.2) of the Pennsylvania Municipalities Planning Code [ (MPC), Act of July 31, 1968, P.L. 805, as · amended ], 53 P.S. [§] 10908(1.2) [1], due to the fact the [Board] consisted of only two members. Amended Complaint, paragraphs 11–13. Section 903(a) of the [MPC, 53 P.S. § 10903(a),] provides that zoning hearing boards created by municipalities shall consist of either three or five members.

In Count II of the amended complaint, appellant sought entry of an order directing appellees to issue all necessary and appropriate use, occupancy, and building permits so that he could conduct his business in conformity with the Township's zoning code. On April 29, 1991, appellees filed preliminary objections to appellant's amended complaint averring *inter alia:* (1) that Count I of the amended complaint failed to state a viable cause of action; and (2) that appellant attempted a procedurally defective joinder of the Board. Appellees averred that the joinder was procedurally defective because rather than moving to join the Board, appellant filed the amended complaint and therein added the Board to the defendants named in the original complaint.

---

1. Section 908(1.2) of the MPC provides:
   The Board shall conduct hearings and make decisions in accordance with the following requirements:
   . . . .
   ... The hearing shall be held within 60 days from the date of [appellant's] request, unless [appellant] has agreed in writing to an extension of time.

In a July 15, 1993 opinion and order, Common Pleas held first, that pursuant to Section 903(a) of the MPC, 53 P.S. § 10903(a),[2] and Section 906(b) of the MPC, 53 P.S. § 10906(b),[3] even though a Board member resigned, "[t]he absence of one member did not prevent the [Board] from reaching a quorum." According to Common Pleas, appellant received a hearing before the Board which satisfied his statutory rights and, therefore, had no grounds for demanding a deemed approval of his applications; mandamus was inappropriate. Common Pleas held second, that the interests of judicial economy supported the joinder of the Board at that time. Ultimately Common Pleas dismissed the amended complaint with prejudice.

Subsequently, appellant appealed Common Pleas' July 15, 1993 order, whereupon Common Pleas directed appellant to file a statement of matters complained of pursuant to Pa. R.A.P. 1925;[4] appellant filed said statement. Thereafter,

2. Section 903(a) of the MPC provides:

> The membership of the board shall, upon determination of the governing body, consist of either three or five residents of the municipality appointed by resolution by the governing body.... The board shall promptly notify the governing body of any vacancies which occur. Appointments to fill vacancies shall be only for the unexpired portion of the term....

3. Section 906(b) of the MPC provides:

> If, by reason of absence or disqualification of a member, a quorum is not reached, the chairman of the board shall designate as many alternate members of the board to sit on the board as may be needed to provide a quorum....

4. Pa.R.A.P. 1925 provides, in pertinent part:

> (a) **General rule.** Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
>
> (b) **Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such

Common Pleas filed, in effect, a supplemental opinion and order dated September 23, 1993, addressing the issues to be raised on appeal. Specifically, in this supplemental opinion Common Pleas held that because the Board's vote was 2-0, "[t]he absence of one member did not prevent the [Board] from reaching a quorum, so that the chairman did not need to appoint alternate members." Appellant now appeals from Common Pleas' July 15, 1993 order.

Appellant argues that the resignation of the Board member prior to the hearings indicated that the Board did not consist of three members as mandated by Section 903(a) of the MPC. Consequently, the Board was not duly constituted, and any action which it took was a nullity. As a result, appellant argues that he is entitled to a deemed approval of his applications. Appellant seeks to reinstate his amended complaint.

"In zoning cases where, as here, the trial court did not receive any additional evidence, our scope of review is limited to determining whether the Board committed an error of law or a manifest abuse of discretion." *Hogan, Lepore & Hogan v. Pequea Township,* 162 Pa.Commonwealth Ct. 282, 287, 638 A.2d 464, 467 (1994). In addition, this Court has held that "Section 906(a) of the MPC, 53 P.S. § 10906(a), states that '[F]or the conduct of any hearing and taking of any action, a quorum shall be not less than a majority of all the members of the board ... [.]' " *Strauss v. Zoning Hearing Board,* 147 Pa.Commonwealth Ct. 603, 607, 608 A.2d 1105, 1107 (1992), *petition for allowance of appeal denied,* 533 Pa. 627, 620 A.2d 493 (1993).

As the Board correctly points out, appellant is confusing the statutorily mandated composition of the Board with the requirements for a quorum. Pursuant to Sections 903(a) and 906(a) of the MPC, appellant's hearings were conducted before a majority of the three member Board, notwithstanding the fact that one member resigned prior to the hearings. Pursuant to Section 906(a) of the MPC, a majority of the Board denied appellant's applications. Consequently, appellant's

direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

matter was both heard by a quorum and decided by a majority of the Township's duly constituted three-member Board.

Accordingly, we affirm Common Pleas.

## ORDER

AND NOW, this 2nd day of August, 1994, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.